| | |
|---|---|
| 1 | PHILLIP A. TALBERT |
| | United States Attorney |
| 2 | BRIAN K. DELANEY |
| | Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401 |
| | Fresno, CA 93721 |
| 4 | Telephone: (559) 497-4000 |
| | Facsimile: (559) 497-4099 |
| 5 | |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17 CR 00009 LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO PRODUCE EXHIBITS FOR CHEMICAL ANALYSIS |
| v. | |
| DEON DAVIS, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Phillip A. Talbert, United States Attorney and Brian K. Delaney, Assistant U.S. Attorney and W. Scott Quinlan attorney for defendant Deon Davis, that upon the defendant's request for the Government to produce cocaine seized after a controlled purchase from the defendant on September 7, 2016, for inspection, weighing and testing for a determination of whether the substance is cocaine in its hydrochloric salt form (powder) or base form (crack) by a private toxicologist retained by the defendant, and there being no objection by the Government and upon the COURT'S CONSIDERATION,

IT IS HEREBY ORDERED in accordance with Fed. R. Crim. P. 16(a)(1)(E), that the Government shall deliver, in its discretion and in a manner it deems consistent with the type and quantity of controlled substance at issue, the controlled substance identified as FBI Exhibit 1B17 and analyzed by the DEA as set forth in Lab Report No. 2016-SFL7-04531 to the defense expert, Jennifer Piper, Forensic Analytical

Stipulation to schedule sentence

Sciences, Inc, 3777 Depot Road, Suite 403, Hayward, CA 94545. The expert shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration sufficient to perform the qualitative and quantitative analyses of the schedule controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

IT IS FURTHER ORDERED that, upon delivery of the controlled substance to the defense expert, the expert shall allow agents to observe the re-weighing of the cocaine. The expert shall also allow agents to observe the defense expert's removal of a representative sample from the evidence (no more than 500 mg) for retesting. The FBI agents shall then re-seal the evidence and return it to their storage. The expert will thereafter sign for receipt of the representative sample. The defense expert shall conduct the identification and quantitative analysis ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of the exhibit consumed during analysis (if any) as well as the weight of the exhibit both received from and returned to the Government. The Declaration shall be delivered to the Government immediately upon completion of the analyses ordered herein; and

IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the analyses under this Order; and

IT IS FURTHER ORDERED that:

(1) The defense agrees that any reweighing of the exhibit will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibit;

(2) The defense shall coordinate with the Government a convenient date and time for the analyses ordered herein, which date shall be within thirty (30) days of the date of this Order;

(3) The defense expert shall allow agents to observe the re-weighing of the cocaine. The expert shall also allow agents to observe the defense expert's removal of a representative sample from the evidence (no more than 500 mg) for retesting;

(4) The defense expert is responsible for safeguarding the exhibit(s)/sample(s), preserving the chain of custody in a manner to faithfully protect its integrity;

Stipulation to schedule sentence

(5) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable. The heat-sealed envelopes will be provided by the agents upon delivery of the exhibits;

(6) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(7) All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s). Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

(8) Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9) Any failure by the defense to maintain the proper chain of custody will not render FBI Exhibit 1B17 and DEA laboratory analysis No. 2016-SFL7-04531 inadmissible for this reason.

IT IS SO ORDERED.

Dated: **May 15, 2017**            **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES CHIEF DISTRICT JUDGE

Stipulation to schedule sentence

Stipulation to schedule sentence